UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA ANTONIA VALLE-RODRIGUEZ,<br><br>Defendant. | Case No.  3:23-cr-00501-JSC-1<br><br>**ORDER DISMISSING MARIA ANTONIA VALLE-RODRIGUEZ'S § 2255 MOTION WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 129 |

Before the Court is the motion of Defendant Maria Antonia Valle-Rodriguez, proceeding without legal representation, for an order under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.  (Dkt. No. 129.[1])  For the reasons set forth below, Defendant's Section 2255 motion is DISMISSED WITH LEAVE TO AMEND pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**BACKGROUND**

On December 21, 2023, Ms. Valle-Rodriguez and her co-defendants were charged in a five-count indictment with (1) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) – Distribution of 40 Grams or More of a Mixture and Substance Containing Fentanyl; (2) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Methamphetamine; (3) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 – Possession with Intent to Distribute Fentanyl; (4) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 – Possession with Intent to Distribute Methamphetamine; and (5) violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl (as to co-defendant Jonsan Valle-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Rodriguez only).  (Dkt. No. 12; Dkt. No. 116 at 4.)

On August 21, 2024, Ms. Valle-Rodriquez pled guilty to Counts One through Four of the Indictment.  (Dkt. No. 72.) Because Ms. Valle-Rodriguez had ongoing medical issues, the Court continued her sentencing for several months to allow her to obtain medical care.  (Dkt. Nos. 74, 80, 81, 83, 84, 87, 92, 94, 96, 100.)  On June 11, 2025, Ms. Valle-Rodriguez was sentenced to a 135-month term of imprisonment followed by a 4-year term of supervised release.  (Dkt. Nos. 119, 120.)  Judgment was entered on the same day.  (Dkt. No. 120.)

Ms. Valle-Rodriguez, proceeding without an attorney, filed the underlying Section 2255 motion on January 12, 2026 alleging four grounds for relief—all which are rooted in an ineffective assistance of counsel claim.  (Dkt. No. 129.)

**DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

The Sixth Amendment right to counsel guarantees effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To obtain relief on a claim of ineffective assistance of counsel, a defendant "must establish both: (1) that his attorney's performance fell

United States District Court
Northern District of California

2

below an objective standard of reasonableness; and (2) prejudice: a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) (cleaned up). "The attorney performance assessment is highly deferential: [the defendant] must surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (cleaned up); *see also Strickland*, 466 U.S. at 689. When, as here, the defendant "pleaded guilty and no trial occurred, [the defendant] is not required to show that [s]he would have fared better at trial to prove prejudice. Rather, [the defendant] must demonstrate that absent h[er] attorney's incompetence, [the defendant] would rationally have rejected the plea bargain and would either have gone to trial or received a better plea bargain instead." *Rodriguez*, 49 F.4th at 1213 (cleaned up).

Ms. Valle-Rodriguez's ineffective assistance of counsel claims are too conclusory to support a claim for habeas relief. Each ground appears related to her decision to plead guilty and the resulting sentence:

- Ground One: "Failure to prepare and investigate mitigation evidence such that the person that they were looking for was death." (Dkt. No. 129 at 4);

- Ground Two: "Failure to Listen to the defendant's version of the case. I'm serving someone else crime." (*Id.* at 5);

- Ground Three: "Ignorance of the elements of the crime. There's no evidence related to me directly in the case and my representation was not properly." (*Id.* at 7); and

- Ground Four: "Ineffective representation at sentencing. I was supposed to received [sic] support, advise, information, have constant communication, and everything was supposed to be properly explained to me. Attorney's [sic] are supposed to fight for defendant's rights." (*Id.* at 8.)

In her guilty plea, Ms. Valle-Rodriguez admitted to a series of facts underlying the offenses to which she pled guilty, including the specific days she sold fentanyl and/or methamphetamine, the amount she sold, to whom she sold the drugs, who else was involved in the

United States District Court
Northern District of California

sales, and that she knew the substances she possessed and sold were controlled substances and it was illegal to possess them with an intent to distribute them and to distribute them. (Dkt. No. 72, Plea Agreement at ¶ 2.) She also affirmed her plea was made knowing the charges against her and any possible defense, her counsel provided her with all the legal advice she requested, and her plea was voluntary. (*Id.* at ¶¶ 17-19.) Ms. Valle-Rodriquez does not directly challenge the voluntariness of her plea, has not identified any facts undermining or contradicting her guilty plea, and has not identified any evidence her counsel failed to introduce which would contradict the version of events to which she admitted. As to mitigation, Ms. Valle-Rodriguez's counsel submitted a sentencing memorandum detailing the challenges of her life as a gay woman in Honduras, her ongoing medical concerns, and explaining her remorse. (Dkt. No. 117 at 5-6.) Ms. Valle-Rodriguez does not identify any mitigating facts her counsel failed to introduce.

To raise a claim of ineffective assistance of counsel regarding her decision to plead guilty, Ms. Valle-Rodriguez must (1) identify what advice her counsel gave, and (2) offer evidence she would have gone to trial or received a better plea deal absent counsel's advice. *United States v. Rodriguez*, 49 F.4th 1205, 1214 (9th Cir. 2022). Ms. Valle-Rodriguez's conclusory arguments fail to demonstrate either. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for the attorney's deficiencies.*" Lee v. United States*, 582 U.S. 357, 369 (2017). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id*. "[T]o determine whether a defendant would have gone to trial in the hypothetical scenario where his attorney had provided competent advice, [courts] are limited to evidence contemporaneous to the guilty plea." *United States v. Rodriguez*, 49 F.4th 1205, 1214 (9th Cir. 2022).

Ms. Valle-Rodriguez's Section 2255 petition fails to contain sufficient information from which the Court can identify and evaluate her claims. However, "a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (cleaned up). There is simply not enough information in the Section 2255 motion to make this determination and thus the Court cannot say

amendment would be futile. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Accordingly, the Court dismisses the Section 2255 motion without prejudice and grants Ms. Valle-Rodriguez leave to file an amended Section 2255 motion that specifies with particularity "all the grounds for relief available" and "state[s] the facts supporting each ground." Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts.  The Court advises Ms. Valle-Rodriguez that by asserting a claim of ineffective assistance of counsel, she effectively waives her attorney-client privilege as to her communications with her attorney that are relevant to her ineffective assistance claims. "In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives h[er attorney-client] privilege for the purposes of resolving the dispute." *Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003).

Any amended Section 2255 motion shall be filed on or before March 20, 2026.   If an amended petition is not received by this date, the court will issue a final order dismissing the current Section 2255 motion with prejudice for failure to state a cognizable claim for relief.

This Order disposes of Docket No. 129.

**IT IS SO ORDERED.**

Dated: February 6, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5